IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOLOMON CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:18-cv-232 |
| ) | Judge Stephanie L. Haines |
| SECURITY OFFICER POLITO, *et al.*, ) | Magistrate Judge Keith A. Pesto |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Solomon Carter ("Plaintiff"), a state prisoner currently incarcerated at SCI-Phoenix. Plaintiff alleges that Defendant Douglas Polito, a corrections officer at SCI-Houtzdale where Plaintiff formerly was housed, "maliciously and sadistically" sprayed him with oleoresin capsicum (OC) spray, contrary to a medical directive on record at the prison, in violation of the Eighth Amendment and state law.

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

**I.     Background**

Plaintiff filed the operative amended complaint on July 15, 2019 [Doc. 21].[1]  Defendant

---

[1] In addition to Defendant Polito, Plaintiff's original complaint [Doc. 4] named nine additional defendants (John Wetzel, Donna Varner, Keri Moore, Barry Smith, CO Kelly, "Intelligence Captain," Psychologist Walmer, F. Nunez, "Grievance Coordinator," and Ms. Reamney). Upon initial screening of the original complaint, Judge Pesto recommended dismissal without prejudice of the complaint against all defendants, except Polito, for failure to state a clam upon which relief can be granted [Doc. 3]. Plaintiff then filed an "amendment to complaint" [Doc. 5] indicating that "all other defendant[s] name[s] are release[d] unless the court re-enters them." Upon filing of his amended complaint [Doc. 21], Plaintiff captioned it "Solomon Carter v. John Wetzel, *et al.*, Defendant(s)," and renamed as parties the same ten defendants identified in the original complaint, including the nine who previously had been dismissed. It does not appear that any of the other nine defendants have ever been served with the amended complaint. In any event, the amended complaint does not contain any specific allegations that any of the other nine

1

Polito filed an answer on May 19, 2020 [Doc. 32], then filed a motion for summary judgment [Doc. 41] and accompanying documents [Docs. 42, 43, 44] on August 31, 2020. After granting numerous extensions to file a response, Judge Pesto submitted a Report and Recommendation on September 2, 2021 [Doc. 69], recommending that Defendant's motion for summary judgment be granted. Plaintiff filed an objection on September 29, 2020 [Doc. 71]. On September 30, 2020, this Court by text entry rejected the Report and Recommendation as moot and directed Judge Pesto to consider the issues raised in Plaintiff's objections [Doc. 72]. On October 12, 2021, Defendant Polito filed a response to Plaintiff's objections [Doc. 73], to which Plaintiff filed a reply on October 29, 2021 [Doc. 74].

On January 14, 2022, Judge Pesto submitted a Report and Recommendation again recommending that Defendant's motion for summary judgment be granted [Doc. 76]. Petitioner was advised that he had fourteen days from the date of service to file written objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On February 4, 2022, Plaintiff timely filed objections to the Report and Recommendation with various exhibits [Doc. 77]. On February 11, 2022, Defendant filed a response to Plaintiff's objections [Doc. 78].

**II.   Standard**

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed

---

defendants had any personal involvement in the alleged wrongdoing, and therefore fails to correct the deficiencies identified in Judge Pesto's prior order dismissing those defendants. Accordingly, to the extent the amended complaint attempts to assert any claim against Defendants Wetzel, Varner, Moore, Smith, Kelly, Walmer, Nunez, Reamney or the unidentified Intelligence Captain and Grievance Coordinator, the amended complaint will be dismissed for failure to state a claim upon which relief can be granted, for the identical reasons set forth in Judge Pesto's prior order [Doc. 3]. Moreover, because Plaintiff was unable upon amendment to cure the defects previously identified, the dismissal of the amended complaint against those nine defendants will be with prejudice.

findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

**III.    Discussion**

Upon de novo review of the report and the record, and, in particular, upon its independent review of the video recording of the incident (DIVAR Video of Incident 2016-A-933) submitted as Exhibit A to the Appendix to Defendant's motion for summary judgment [Doc. 44-1], this Court will accept the recommendation of Judge Pesto in this matter, and will grant summary judgment in favor of Defendant Polito on all claims.

**A.    Report and Recommendation**

The Cruel and Unusual Punishment Clause of the Eighth Amendment protects inmates against the application of excessive force by correctional officers. *See Whitley v. Albers*, 475 U.S. 312, 318-19 (1986). What is required to prove an Eighth Amendment violation "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In an excessive force claim where a prison security measure is undertaken to resolve a disturbance that poses significant risks to the safety of inmates and prison staff, the pivotal inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.*, 503 U.S. at 7; *Whitley*, 475 U.S. at 320-21. Factors relevant to this inquiry include: the need for the application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by the responsible

3

officials; and any efforts made to temper the severity of a forceful response. *Id.*; *see also Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. *Hudson*, 503 U.S. at 7.

Here, Judge Pesto addressed the relevant factors in the report and reasonably concluded that no rational juror could find in favor of Plaintiff on his excessive force claim. The record evidence, including the video recording of the incident, fully supports Judge Pesto's conclusion. It is well-settled that where the events at issue have been captured on video, the court must consider that evidence in determining whether a genuine dispute of material fact remains for trial, and the court must view the facts in the light depicted by the video. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (relying on a video recording in assessing summary judgment evidence and admonishing that the lower court "should have viewed the facts in the light depicted by the videotape").

In this case, the video recording, which lasts approximately 3 minutes and 16 seconds and captures the incident in its entirety, shows that the events at issue occurred in an open area with a number of other inmates around, with one officer sitting at a desk. Polito first can be seen walking down a staircase and he almost immediately is confronted by Plaintiff. There is no sound, but the two can be seen engaged in conversation. At one point Plaintiff appears to gesture at Polito. Plaintiff then walks to the desk where the other officer is sitting. Plaintiff subsequently kneels down on one knee with both arms resting on his knee in front of him. Polito starts to walk behind Plaintiff, apparently to cuff him. He then moves back in front of Plaintiff. As three other officers arrive on the scene, Polito sprays the OC in Plaintiff's face in a short two-three second burst from time stamp 6:53:29 to 6:53:32. Plaintiff then stands, goes back to one knee, then into a prone position on the floor, where he is cuffed and led away to the infirmary.

Judge Pesto's evaluation of the relevant factors in light of all of the evidence of record is sound, and the Court, viewing the facts in the light depicted by the video, agrees that no rational juror could view the video and conclude that Polito acted with malice for the purpose of inflicting harm. Rather, the video shows that the brief burst of spray, lasting at most 3 seconds, was necessary to resolve a disturbance in an area where officers were greatly outnumbered by inmates, and was no greater than necessary to restore discipline. Accordingly, summary judgment in favor of Defendant Polito is warranted.

**B.     Objections**

Plaintiff's lengthy objections to the Report and Recommendation are unavailing. The majority of Plaintiff's objections merely restate his version of events, which he argues creates a litany of disputed facts which preclude summary judgment. Plaintiff asserts, *inter alia*, that the incident was part of a "continuum of malice" on the part of Polito that began with his harassment of Plaintiff prior to the incident, and continued afterwards through Polito's filing of fraudulent reports related to the incident. He also makes additional assertions, such as that he exclaimed "I'm not a threat, please don't spray me," that he dropped to both knees, not one knee, and that he never disobeyed any orders because he was never told to put his hands behind his back. He further asserts that after he was taken to the infirmary, he had a "near death" experience from the effects of the OC spray.

While Plaintiff himself may dispute the facts of the incident, nothing in his response to the summary judgment motion or in his objections is sufficient to create any genuine issue of material fact. *See* Federal Rule of Civil Procedure 56(a). It is well-settled that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). Accordingly, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott*, 550 U.S. at 380.

In this case, Plaintiff's version of the events in question simply is not supported by the record. As just noted, at summary judgment, "where there are video recordings of the incident in question, [the court] need not adopt the non-movant's version of the facts if the recording 'blatantly contradict[s] the non-movant's version 'so that no reasonable jury could believe it.'" *McDowell v. Sheerer*, 374 Fed. Appx. 288, 291-92 (3d Cir. 2010) (citing *Scott*, 550 U.S. at 380). If a review of the video "refutes an inmate's claims that excessive force was used against him, and the video evidence does not permit an inference that prison officials acted maliciously and sadistically, summary judgment is entirely appropriate." *Smalls v. Sassaman*, 2019 WL 4194211, at *8 (M.D. Pa. Sept. 4, 2019) (citing *Tindell v. Beard*, 351 Fed. Appx. 591 (3d Cir. 2009)); *see also Carter v. Baumcratz*, No. 1:18-CV-00096, 2021 WL 4443767, at *4 (W.D. Pa. Sept. 28, 2021).

As already discussed, Plaintiff's version of the incident in question is belied by the video recording. It is clear from the video recording that Plaintiff did not kneel on both knees, that he never put his hands behind his back to be cuffed, and that he was sprayed in a short 2-3 second burst for the purpose of restoring compliance. Although there is no audio, the video itself fully corroborates the findings of the investigative report [Doc. 44-1, Exhibit B]. That report found that Plaintiff initiated the encounter by approaching Polito. It found that Plaintiff began arguing with Polito and that he approached him again shouting demands. It found that Polito instructed Polito to put his hands behind his back in order to be handcuffed, and that Plaintiff refused. Finally, it found that Plaintiff was sprayed, cuffed and escorted from the area.

The video fully aligns with the report. Plaintiff can be seen approaching Polito, he can be seen arguing with Polito, and at one point gesturing towards him. Polito can be observed using his radio for assistance. After Plaintiff drops to one knee, the video depicts Polito walking behind him, presumably in order to cuff him, then moving back in front of Plaintiff as Plaintiff's hands remain resting on his knee rather than behind his back. Plaintiff's alternative version of what transpired is utterly contradicted by the video recording, and the Court must view the facts in the light depicted by the video. *See Scott*, 550 U.S. at 380-81.

Because the majority of Plaintiff's objections either are unsupported by the record or fail to raise any genuine issue of material fact, they will be overruled. Several of Plaintiff's objections merit additional discussion, however. First are Plaintiff's allegations that the video recording submitted as evidence has been "tampered with," and that there was a second video recording of the incident from a handheld camera that has been concealed. Plaintiff has provided nothing supporting either of these assertions.

Initially, there is no evidence that the video recording that is before the Court was altered, despite Plaintiff's bald assertion that it was either photo-shopped or that portions of it have been omitted. However, the Court has viewed the video multiple times and there is nothing on the recording that would indicate it has been tampered with in any way. The recording is time-stamped with the date, hour, minute and second. The video runs continuously for a period of three minutes and sixteen seconds without any breaks. There is nothing unusual about the recording that suggests it is not genuine, and the description of the video in the investigative report is wholly consistent with what the Court observed upon its own viewing of it.

Likewise, Plaintiff has offered nothing but his self-serving assertion, along with a blurry photograph [Doc. 77-4] purportedly showing an officer with a camera, that a second video

recording from a handheld camera exists. Again, this Court has viewed the DIVAR recording on multiple occasions and there is no indication on that recording that any of the officers on the scene are recording the incident with a handheld camera. The officer sitting behind the desk does not have a camera, nor do any of the three officers who arrived on the scene for the last approximately thirty seconds of the incident. Although the last of these three officers appears to be holding something in his hand, it is not clear from the video recording what it is. In any event, whatever he is carrying is never pointed in the direction of Polito or the Plaintiff, and he only appears on the video for a few seconds, behind the other officers, before Plaintiff is sprayed.

Finally, Plaintiff's objections impugning the integrity of Judge Pesto are wholly unsubstantiated and are not well-taken. Plaintiff's disagreement with statements made in the report or with Judge Pesto's recommendation is not in any way evidence of bias or, far worse, Plaintiff's scurrilous accusations of bribery or an inappropriate connection with the Defendant. Judge Pesto neutrally applied the law to the facts of this case, and reasonably, and in this Court's view, correctly, concluded that Defendant is entitled to judgment as a matter of law.

### IV. Conclusion

As Judge Pesto reasonably found, no rational trier of fact viewing the video of the incident in question could conclude that Polito used excessive force on Plaintiff, and the video evidence wholly contradicts Plaintiff's accusations that Polito acted maliciously or sadistically. Plaintiff's objections that the video has been tampered with, or that another video of the incident exists and has been concealed, are not supported by any objective evidence, and his other objections are unavailing. Because no rational juror could find in favor of Plaintiff on his excessive force claim, or on any of his state law claims for the reasons set forth in the Report and Recommendation, Defendant's motion for summary judgment will be granted.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 16th day of March, 2022, for the reasons set forth herein, IT IS ORDERED that, to the extent Plaintiff has named defendants other than Defendant Polito as parties in the amended complaint [Doc. 21], the amended complaint hereby is **dismissed with prejudice** as to any and all such named defendants for failure to state a claim upon which relief can be granted; and,

IT FURTHER IS ORDERED that Plaintiff's objections [Doc. 77] to the Magistrate Judge's Report and Recommendation [Doc. 76], hereby are **overruled**; and,

IT FURTHER IS ORDERED, pursuant to Federal Rule of Civil Procedure 56(a), and for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 76], which hereby is adopted as the opinion of the Court as supplemented herein, that Defendant Security Officer Douglas Polito's motion for summary judgment [Doc. 41] hereby is **granted**. A judgment order in favor of Defendant Polito will be entered separately in accordance with Federal Rule of Civil Procedure 58(a).

Stephanie L. Haines
United States District Judge